IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SUE A. DOWELL and ) | |
| JERRY DOWELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 05-0918-CV-W-GAF |
| ) | |
| HARRAH'S NORTH KANSAS ) | |
| CITY, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Presently before the Court is a Motion to Remand filed by Plaintiffs Sue A. Dowell and Jerry Dowell (collectively "Plaintiffs"). (Doc. #4). Plaintiffs argue that this Court lacks jurisdiction under 28 U.S.C. § 1441(b) ("1441(b)") because Defendant Harrah's North Kansas City, LLC ("Defendant") is a Missouri citizen. (Doc. #5). Alternatively, Plaintiffs argue that Defendant has failed to prove by a preponderance of the evidence that the requisite minimum amount in controversy is met as required by 28 U.S.C. § 1332(a) ("1332(a)"). Id. Defendant does not contest Plaintiffs' argument that jurisdiction is improper under 1441(b) because Defendant is a Missouri citizen. (Doc. #6). Instead, Defendant addresses only the Plaintiffs' alternative argument regarding the amount in controversy. Id. Defendant argues that the Plaintiffs have stipulated that they will seek less than the jurisdictional minimum amount in controversy, and, therefore, this case should be remanded. Id. For reasons set forth more completely below, Plaintiffs' Motion to Remand is GRANTED.

1

**DISCUSSION**

**I.       Facts**

This case arose on July 31, 2004 when Plaintiff Sue Dowell tripped over a wire located at Defendant's premises.[1]  Defendant owns and operates a business located in North Kansas City, Missouri known as Harrah's Casino.  Plaintiffs allege that Sue Dowell was required to pass between two kiosks with card swiping devices and CRT screens energized and connected with electrical wire.  The Plaintiffs claim that the wire was elevated above the floor, but was not readily visible.  As a result, Plaintiffs allege that Sue Dowell tripped on the wire and fell forward, landing on her hands and knees and sustaining injuries.

Plaintiffs claim that Defendant maintained a dangerous and unsafe condition on its premises, that Defendant knew or should have known that its premises were not maintained in a reasonably safe manner, and that Sue Dowell's injuries and damages were the direct and proximate result of the Defendant's negligence.  Plaintiffs also allege that Jerry Dowell has suffered damages in the nature of loss of consortium and loss of spousal services.

Plaintiffs filed suit in the Circuit Court of Clay County, Missouri on August 17, 2005.  Defendant filed its notice of removal on October 3, 2005, alleging that this Court has original jurisdiction over this suit because complete diversity of citizenship exists pursuant to 1332(a).  (Doc. #1).  In its notice of removal, Defendant alleges that the Plaintiffs are citizens of Kansas and the Defendant "is a Missouri corporation with its principal place of business in Missouri." Id. Plaintiffs argue that, under 1441(b), removal is not proper

---

[1]Except where otherwise noted, these facts are derived from Plaintiffs' Petition for Damages. (Doc. #1, Attach. #1).

if the defendant is a citizen of the State in which such action is brought and, because Defendant is considered a citizen of Missouri, this case should be remanded. (Doc. #5). Defendants do not respond to Plaintiffs' argument, and instead assert that Plaintiffs have agreed to seek less than $75,000 and, therefore, remand is proper because Plaintiffs are precluded from seeking more than $75,000 in damages. (Doc. #6).

## II.     Legal Standard and Analysis

An action may be removed to federal court by a defendant where the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). If it appears that the case was not properly removed because it was not within the original subject matter jurisdiction of the United States district courts, the district court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). District courts have original jurisdiction over all civil actions where the adverse parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. However, under 1441(b), a defendant may not remove an action to federal court based on diversity of citizenship if any defendant "is a citizen of the State in which the action is brought." Thus, the presence of a home state defendant is considered a jurisdictional defect under 1441(b). Hunt v. Dow Chemical Co., 963 F.2d 1142, 1145-1146 (8th Cir. 1992). A corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

In the instant case, Plaintiffs originally filed suit in the Circuit Court of Clay County, Missouri. The Defendant states in its petition for removal that it is "a Missouri corporation with its principal place of business in Missouri." (Doc. #1). By its own admission, the Defendant is clearly a home state defendant

under 28 U.S.C. § 1332(c)(1) and, as such, may not remove this action to this Court based on diversity of citizenship. Defendant does not argue that it should be considered a citizen of any state other than Missouri. Indeed, Defendant completely fails to address Plaintiff's argument that this case should be remanded because the presence of a home state defendant is considered a jurisdictional defect under 1441(b). Not surprisingly, the Defendant offers no explanation for why it removed this case to this Court despite its obvious Missouri citizenship and in light of the unambiguous language of 1441(b).

Instead, Defendant advances a completely unsupported argument that "Plaintiffs now admit that the amount in controversy in this case does not exceed the jurisdictional minimum of $75,000." (Doc. #6). (emphasis in original). Thus, the Defendants eagerly agree that this case should be remanded, but only if this Court finds that the Plaintiffs are precluded from seeking more than $75,000. Id. This Court makes no such finding. Because the Defendant is clearly a home state defendant under 1441(b), this Court will not address the parties' arguments regarding the amount in controversy requirement of 1332(a).

## CONCLUSION

Remand is appropriate in this case because this action was originally filed in state court in Missouri and the Defendant is a home state defendant under 1441(b). Accordingly, Plaintiff's Motion to Remand is GRANTED.

**IT IS SO ORDERED**.

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: November 21, 2005